<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ABDESSALEM LOURGHI, | : | Civil No. 03-4063 (WGB) |
|  | : |  |
| Petitioner, | : |  |
|  | : |  |
| v. | : | **<u>OPINION</u>** |
|  | : |  |
| DEP'T OF HOMELAND SECURITY, | : |  |
|  | : |  |
| Respondents. | : |  |
|  | : |  |

**APPEARANCES:**

>    ABDESSALEM LOURGHI
>    Hudson County Correctional Center
>    35 Hackensack Avenue
>    Kearny, New Jersey  07032
>    Petitioner <u>Pro</u> <u>Se</u>

>    ANTHONY J. LABRUNA, JR., Assistant U.S. Attorney
>    CHRISTOPHER J. CHRISTIE, UNITED STATES ATTORNEY
>    970 Broad Street, Suite 700
>    Newark, New Jersey  07102
>    Attorney for Respondents

**<u>BASSLER, District Judge</u>**

Petitioner Abdessalem Lourghi, detained by the Department of Homeland Security

("DHS") at Hudson County Correctional Center in New Jersey, filed a Petition for a Writ of

Habeas Corpus under 28 U.S.C. § 2241 challenging his removal, which this Court stayed

pending the outcome of the litigation.  For the reasons set forth below, this Court vacates the stay

and dismisses the Petition for lack of jurisdiction.

## I.  BACKGROUND

The record shows the following.  Petitioner, a native of Algeria, left Algeria in 1979.  (In re Lourghi, File No. A 22 579 499, Oral Decision of Immigration Judge (Immig. Ct. April 3, 2003)  Although the government has no record of it, Petitioner maintains that he last arrived in the United States on April 4, 1983, as a non-immigrant with a visa giving him permission to remain for six months.  In 1988, Petitioner applied for lawful permanent resident status under the Amnesty Program.  The application was denied on August 17, 1990, and Petitioner's appeal from the denial of amnesty was dismissed on September 29, 1993.

On January 13, 2003, Petitioner was taken into custody when he reported to immigration officials, and he remains in custody.  On January 14, 2003, the Immigration and Naturalization Service ("INS"), the predecessor of the DHS, issued a Notice to Appear charging Petitioner with removal as an alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General. See 8 U.S.C. § 1182(a)(6)(A)(i).  Petitioner applied for asylum, withholding of removal to Algeria, protection under the Convention Against Torture, and voluntary departure.

On April 3, 2003, Petitioner appeared unrepresented before Immigration Judge ("IJ") Daniel A. Meisner for his removal hearing.  Noting that Petitioner conceded that he is removable as an overstay non-immigrant under 8 U.S.C. § 1227, the IJ determined that Petitioner  was removable under 8 U.S.C. § 1182(a)(6)(A)(i).  Finding that Lourghi failed to establish eligibility for asylum, withholding of removal or protection under the Convention Against Torture, the IJ

denied Petitioner's applications, including the request for voluntary departure.[1]  The record

provided by Respondents includes a certified transcript of the oral decision of the IJ and a

summary order, but does not include a transcript of the entire proceeding before the IJ.  The

transcribed oral decision does not refer to Petitioner's right to appeal to the Board of Immigration

Appeals ("BIA"), but the summary of the oral order contains the following:  "Appeal

Waiver/Reserved  Appeal:  Due By."  The word "waived" appears to have been circled, with the

letter "B" appearing inside the circle.

On April 14, 2003, Petitioner appealed the order of the IJ to the BIA.  The Notice of

Appeal specifies the reasons for appeal as follows:

> I, Abdessalem Lourghi A22-579-499, am hereby appealing the
> Immigration Judge decision.  This appeal is based on withholding
> of deportation, and Convention Against Torture.  In 1988, I filed
> application for Lawful Permanent Resident under the 1988
> Amnesty.  Therefore, I pray that you grant this appeal.  I will
> submit a brief in support of this appeal.

(Notice of Appeal from a Decision of an Immigration Judge, dated April 14, 2003.)

On July 31, 2003, the BIA dismissed the appeal on the ground that it lacked jurisdiction

over the appeal because Petitioner had voluntarily waived the right to appeal.  The decision is

quoted verbatim below:

> PER CURIAM.  The appeal will be dismissed.  The record
> reflects that the respondent waived appeal.  The summary of the
> Immigration Judge's oral decision dated April 3, 2003, noted that
> the respondent had waived appeal.  **We also note that in the
> transcript of proceedings, page 55, lines 10-21, the respondent**

---

[1] Specifically, the IJ found that Lourghi filed to prove that he suffered past persecution
upon a protected ground, that he had a well-founded objective fear of future persecution, that his
life or freedom would be threatened upon return to Algeria on a protected ground, or that Algeria
would torture him or acquiesce to his torture.

> **waived appeal.**  On April 18, 2003, the respondent filed a Notice
> of Appeal (Form EOIR-26).  Upon review, we find that this case is
> not properly before us, as the respondent has made no argument
> that the decision to waive appeal was not a knowing and intelligent
> one.  Thus, the Immigration Judge's decision became
> administratively final upon the respondent's waiver of the right to
> appeal, and the Board lacks jurisdiction over this case.  See Matter
> of Shih, 20 I&N Dec. 697 (BIA 1993).  Accordingly, the appeal is
> dismissed and the record is returned to the Immigration Court
> without further Board action.

(Decision of the Board of Immigration Appeals, dated July 31, 2003) (emphasis added).

The Petition, which Lourghi executed on June 10, 2003, was received by the Clerk of this

Court on August 26, 2003.  He asserts that habeas relief is warranted because:

> Under both the terms of the Convention Against Torture and the
> Senate's interpretations of those terms, the Petitioner has presented
> sufficient evidence to establish that if forcibly returned to Algeria,
> he facts a clear probability of severe physical torture[ ], and/or
> mental pain intentionally inflicted by government groups in
> Algeria.
>
> Accordingly, the Petitioner has shown that his deportation would
> violate[ ] the prohibition . . . articulated in Article 3 of the
> Convention Against Torture.  His relief should be granted.

(Pet. at p. 5.)

In the Letter Brief accompanying the Petition, Petitioner asserts that he is eligible for

cancellation of removal pursuant to Section 212(c) and (h), and that he is eligible for relief under

Article 3 of the Convention Against Torture.

## II.  DISCUSSION

A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v.

Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief [and] state

the facts supporting each ground."  28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004),

applicable to § 2241 petitions through Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears

legally insufficient on its face."  McFarland, 512 U.S. at 856; Siers v. Ryan, 773 F.2d 37, 45 (3d

Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  Habeas Rule 4 requires the Court to examine a

petition prior to ordering an answer and to summarily dismiss the petition "[i]f it plainly appears

from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

court."  28 U.S.C. § 2254 Rule 4 (amended Dec. 1, 2004), applicable through Rule 1(b).

B.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless
> – . . . He is in custody in violation of the Constitution or laws or
> treaties of the United States.

28 U.S.C. § 2241(c)(3).

A federal court has subject matter jurisdiction under § 2241(c)(3) to entertain a petition

filed by an alien challenging a final order of removal.  See Immigration and Nationality Service

v. St. Cyr, 533 U.S. 289 (2001); Gerbier v. Holmes, 280 F.3d 297, 302 (3d Cir. 2002); Chmakov

v. Blackman, 266 F.3d 210, 212, 213 n.4 (3d Cir. 2001); Mustata v. United States Dep't of

Justice, 179 F.3d 1017, 1022 n.4 (6th Cir. 1999); Nakaranurack v. United States, 68 F.3d 290,

293 (9th Cir. 1995).

However, the Immigration and Nationality Act provides that "[a] court may review a final

order of removal only if - the alien has exhausted all administrative remedies available to the

alien as of right . . ."  8 U.S.C. § 1252(d)(1).  This exhaustion requirement is jurisdictional and

applies when an alien challenges his removal in a habeas petition under 28 U.S.C. § 2241.  See

Duvall v. Elwood, 336 F.3d 228 (3d Cir. 2003) (rejecting petitioner's argument that §

1252(d)(1)'s exhaustion requirement does not apply in habeas proceedings and holding that

failure to exhaust deprived district court of jurisdiction under 28 U.S.C. § 2241 over alien's

challenge to removal); see also Massieu v. Reno, 91 F.3d 416 (3d Cir. 1996).  Where an alien

waives his right to appeal to the BIA, as was done in this case, any subsequent notice of appeal

that he files is without effect because the decision of the IJ becomes final upon waiver of appeal.

See Sayyah v. Farquharson, 382 F.3d 20, 27 (1st Cir. 2004) ("Sayyah's waiver of his right to

appeal to the BIA does not constitute exhaustion of the administrative remedies available to him

as of right under section 1252(d)"); Theodoropoulos v. Immigration and Naturalization Service,

358 F.3d 162, 169-70 (2nd Cir. 2004) (waiver of appeal to BIA deprived district court of habeas

jurisdiction, and notice of appeal was without effect); Matter of Shih, 20 I. & N. Dec. 697, 699

(BIA 1993).[2]  Accordingly, waiver of the right to appeal constitutes a failure to exhaust

administrative remedies under § 1252(d)(1).  See Sayyah, 382 F.3d at 27;  Theodoropoulos, 358

F.3d at 169-74.

In this case, the BIA dismissed Lourghi's appeal for lack of jurisdiction on the ground

that he voluntarily waived the right to appeal.  Relying on the transcript of the proceedings and

the summary order of the IJ, and emphasizing that "the respondent has made no argument that

---

[2] See also 8 C.F.R. § 1003.38 ("A Notice of Appeal [to the BIA] (Form EOIR-26) may
not be filed by any party who has waived appeal"); 8 C.F.R. 1003.39 ("Except when certified to
the Board, the decision of the Immigration Judge becomes final upon waiver of appeal or upon
expiration or the time to appeal if no appeal is taken, whichever occurs first"); 8 C.F.R. § 1003.3
("A Notice of Appeal may not be filed by any party who has waived appeal pursuant to §
1003.39").

the decision to waive appeal was not a knowing and intelligent one," the BIA determined that "the Immigration Judge's decision became administratively final upon the respondent's waiver of the right to appeal, and the Board lacks jurisdiction over this case." [3]  (In re Lourghi, File A22-579-499 (BIA July 31, 2003).  Under these circumstances, Petitioner's waiver of his right to appeal to the BIA constitutes a failure to exhaust administrative remedies that is fatal to this Court's exercise of jurisdiction over his Petition.[4]  See Theodoropoulos 358 F.3d at 169; Duvall, 336 F.3d at 233-34.

### III.  CONCLUSION

For the reasons set forth above, the Court vacates the stay of removal and dismisses the Petition for lack of jurisdiction.


/S/ WILLIAM G. BASSLER
WILLIAM G. BASSLER, U.S.S.D.J.


Dated:   May 18, 2005

---

[3] Nor does Petitioner challenge this finding here.

[4] Even if Petitioner had not waived his right to appeal, this Court would not have jurisdiction over the Petition.  Petitioner does not claim denial of a constitutional right or a legal error in application of the statutory standards, but contends that the IJ wrongly determined that he was not entitled to relief.  However, absent a claim of denial of a constitutional right or legal error, a district court lacks jurisdiction under 28 U.S.C. § 2241 to review factual and discretionary determinations.  See Bakhtriger v. Elwood, 360 F.3d 414 (3d Cir. 2004).